UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MAJOR THAXTON,

           Plaintiff,                    CIVIL ACTION NO. 08-13771

      v.                         DISTRICT JUDGE BERNARD A. FRIEDMAN

LENARIS HAWKINS, MICHAEL      MAGISTRATE JUDGE VIRGINIA MORGAN
LOGAN, DARINE JEFFERSON,
MICHAEL JAMISON, SHERYL
SHAH, BARBARA LOVE, and
JOHN DOE 1-2,

           Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

       Plaintiff, an inmate at the Florence Crane Correctional Facility (ACF) in Coldwater,

Michigan, filed a *pro se* civil rights action under 42 U.S.C. § 1983 against defendants[1] alleging

that they denied plaintiff his right to due process under the United States Constitution and

Michigan State Constitution. On September 12, 2008, the Honorable Bernard A. Friedman

referred this matter for a Report and Recommendation on the complaint (D/E #5). For the

reasons discussed below, it is recommended that plaintiff's entire complaint be dismissed

---

[1]The individual defendants are Lenaris Hawkins (Detroit Police Officer), Michael Logan (Detroit Police Officer), Darine Jefferson (Detroit Police Officer), Michael Jamison (Investigator in the Detroit Police Department), Sheryl Shah (Sergeant in the Detroit Police Department), Barbara Love (a private citizen), and John Doe 1-2 (Animal Control Officers for the Detroit Police Department). All defendants except for Love are being sued in both their official and individual capacities. (Complaint, ¶¶ 8-12)

without prejudice *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted because his claims are barred by the "favorable termination" requirement of <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In the alternative, it is recommended that plaintiff's claims against defendants in their official capacities be dismissed *sua sponte* for failure to state a claim because those claims are barred by the Eleventh Amendment to the United States Constitution and that plaintiff's claim against defendant Love be dismissed *sua sponte* for failure to state a claim because she is not alleged to have acted under the color of state law.

## II. Background

### A. Complaint

On September 3, 2008, plaintiff, proceeding *pro se*, filed this action against defendants (D/E #1). In that complaint, plaintiff alleges that defendants falsely arrested him and denied him due process in violation of the Fourth and Fourteenth Amendments to the United States Constitution and art 1, § 20 of the Michigan Constitution. (Complaint, ¶¶ 1, 38-46)

#### 1. Factual Allegations

Specifically, plaintiff alleges that he and defendant Love were involved in a romantic relationship until plaintiff left Love for another woman sometime in 2005 (Complaint, ¶ 14) Plaintiff also alleges that, on July 5, 2005, plaintiff was bitten by Love's dog and he subsequently attempted to file a civil action against Love. According to plaintiff, Love vowed to get even with plaintiff for attempting to file that civil action. (Complaint, ¶¶ 15-16)

Plaintiff further alleges that, on September 9, 2005, plaintiff and Love had an argument outside of Love's house because of a car plaintiff's new girlfriend had purchased for him.

(Complaint, ¶ 17) Following that argument, Love allegedly went inside her house and called the Detroit Police Department's Animal Control Division, claiming that she had heard a gunshot and that she believed plaintiff had shot her dog. (Complaint, ¶ 18) According to plaintiff's complaint, after defendants John Does from the Animal Control Division arrived and found nothing, Love told them that plaintiff had pointed a gun at her while she was closing her door and that, within seconds of the door closing, she heard gunshots. (Complaint, ¶¶ 19-20) Plaintiff alleges that the John Doe officers then requested a regular police unit. (Complaint, ¶ 21)

Plaintiff alleges that defendant Hawkins and Logan arrived in response to the request and that, while they spent twenty minutes taking Love's statement, they did not look for or find any evidence. (Complaint, ¶ 22) Plaintiff also alleges that he was arrested, despite the fact that he did not have a gun or ammunition. (Complaint, ¶ 23)

According to plaintiff's complaint, he was taken to Wayne County Jail and detained for malicious destruction of an animal. (Complaint, ¶ 25) Plaintiff also alleges that he requested a gunshot residue test the next day and that the test came back negative. (Complaint, ¶ 26) Plaintiff further alleges that defendants John Doe 1, John Doe 2, Hawkins, Logan, Jefferson, Jamison and Shah used defendant Love's original statement regarding an alleged malicious destruction of an animal in order to detain plaintiff and allow them time to fabricate false charges of felonious assault, felon in possession of a firearm, and possession of a firearm during the commission of a felony (felony-firearm). (Complaint, ¶ 29) According to plaintiff's complaint, following a bench trial, he was found not guilty of felonious assault, guilty of felony-firearm, and guilty of felon in possession of a firearm. (Complaint, ¶ 33)

### 2. Legal Claims in Complaint

In the claim for relief section of plaintiff's complaint, he alleges that defendants John Doe 1, John Doe 2, Hawkins, Logan and Jefferson suppressed material facts and, thereby, denied plaintiff due process. (Complaint, ¶ 39) Plaintiff also alleges that defendant Hawkins doctored documents and, thereby, denied plaintiff due process. (Complaint, ¶ 40) Plaintiff further alleges that defendants Hawkins, Logan, Jefferson and Jamison failed to ensure that plaintiff underwent a gunshot residue test and, thereby, denied plaintiff due process. (Complaint, ¶ 41) Plaintiff also alleges that defendants Hawkins, Logan, Jefferson and Jamison failed to investigate Love's claims and, thereby, denied plaintiff due process. (Complaint, ¶ 42) Lastly, plaintiff alleges that defendant Shah's approval of Jamison's obviously incomplete investigation and her failure to ensure that the investigation was completed constituted a denial of plaintiff's due process rights. (Complaint, ¶¶ 43-44)

As relief, plaintiff seeks a declaratory judgment stating that defendants violated plaintiff's constitutional rights, an injunction ordering defendants or their agents to arrange for a new investigation and to show cause why a proper investigation was not done in the first place, compensatory damages, and punitive damages.

### B. Criminal Appeal

Ten days after the complaint in this action was filed, the Michigan Court of Appeals entered an opinion affirming plaintiff's conviction and sentence for felon in possession of a firearm, but vacating his conviction and sentence for felony-firearm. People v. Thaxton, No. 272185, 2007 WL 2684236 (Mich. App. September 13, 2007). According to the Michigan Court of Appeals, the conviction for felony-firearm had to be vacated because a trial court sitting as the

finder of fact may not enter an inconsistent verdict and, where court finds that the underlying offense was not committed, it cannot properly convict a defendant of felony-firearm predicated on that offense.

## III. Discussion

Plaintiff is proceeding *in forma pauperis* in this matter (D/E # 4) and, where a plaintiff is proceeding *in forma pauperis*, the court must dismiss the case *sua sponte* if it determines at any time that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). In this case, this Court recommends that plaintiff's entire complaint be dismissed because his claims are barred by the "favorable termination" requirement of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In the alternative, this Court recommends that plaintiff's claims against defendants in their official capacities be dismissed because they are barred by the Eleventh Amendment to the United States Constitution and that plaintiff's claim against defendant Love be dismissed because she is not alleged to have acted under the color of state law.

### A. Favorable Termination Requirement

In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that:

> ... in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not

> been so invalidated is not cognizable under § 1983. [Heck, 512
> U.S. at 486-487 (footnote omitted).]

The requirement that the conviction or sentence has been reversed, expunged, or invalidated is analogous to the similar requirement in the tort of malicious prosecution and is called the "favorable termination" requirement of Heck. S.E. v. Grant County Bd. of Educ., 544 F.3d 633, 637 (6th Cir. 2008). The favorable termination requirement "ensures that habeas corpus remains the exclusive remedy for criminal defendants who have not obtained a favorable termination in their criminal proceedings and does not allow duplicative, collateral attack of convictions or sentences through § 1983 actions." Grant County Bd. of Educ., 544 F.3d at 637.

The Heck bar exists because the Court's respect for "finality and consistency" precludes a prisoner's use of § 1983 to collaterally attack an outstanding conviction, Heck, 512 U.S. at 487,

and "in order to determine whether the § 1983 claim would imply the invalidity of the offense, 'the court must look both to the claims raised under § 1983 *and* to the specific offenses for which the § 1983 claimant was convicted.'" Swiecicki v. Delgado, 463 F.3d 489, 493 (6th Cir. 2006) (emphasis in original) (quoting Hughes v. Lott, 350 F.3d 1157, 1161 n. 2 (11th Cir. 2003)). Sixth Circuit precedent places the onus on the district court to assess on a case-by-case basis whether a favorable Fourth Amendment judgment would impugn the validity of an outstanding conviction. See, *e.g.*, Schilling v. White, 58 F.3d 1081, 1086 (6th Cir. 1995); Harper v. Jackson, No. 06-5658, 2008 WL 3315058 *2 (6th Cir. August 12, 2008).

In this case, plaintiff's complaint provides that he is a state prisoner seeking compensatory damages for alleged constitutional violations that occurred during an investigation that eventually lead to plaintiff being charged with felonious assault, felon in possession of a

firearm, and felony-firearm. While plaintiff was acquitted of the felonious assault charge and the felony-firearm conviction was vacated on appeal, his conviction for felon in possession of a firearm has not been invalidated. The Sixth Circuit has held in two unpublished cases that "a challenge to a criminal investigation that led to a conviction necessarily challenges the validity of the conviction, and therefore falls within the <u>Heck</u> framework." <u>Morris v. City of Detroit</u>, 211 Fed. Appx. 409, 411 (6th Cir. 2006). <u>See also</u> <u>Dusenbery v. Graves</u>, No. 97-4387, 1999 WL 617932, * 1 (6th Cir. Aug. 12, 1999). While those cases are unpublished, the Sixth Circuit's reasoning in both cases is persuasive. For plaintiff's action to succeed and for him to receive the declaratory judgment, injunctive relief, compensatory damages and punitive damages he seeks, plaintiff would have to show that his constitutional rights were violated during the investigation when defendants suppressed evidence, doctored documents or committed other constitutional violations. Such a finding of unlawful actions would necessarily imply the invalidity of the plaintiff's conviction. Given that any challenge to the criminal investigation that led to the conviction would necessarily challenge the validity of that conviction, plaintiff's claims are barred by the favorable termination requirement of <u>Heck</u> framework and, therefore, should be dismissed *sua sponte*.

### B. Claims Against Defendants in Their Official Capacities

As noted above, all of the defendants except Love are being sued in both their official and individual capacities. (Complaint, ¶¶ 8-12) However, plaintiff's claims against defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any foreign State. [U.S. Const. amend. XI.]

Courts have construed that language broadly and the Eleventh Amendment generally bars suits in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Skinner v. Govorchin, 463 F.3d 518, 524 (6th Cir. 2006).[2] "Whether a suit against State officials in their official capacity is deemed to be against the State depends on whether the plaintiff seeks 'retroactive' or 'prospective' relief." Doe, 21 F.3d at 736. Retroactive relief compensates a plaintiff for a past violation of his legal rights and, while retroactive relief usually takes the form of money damages, that is not necessarily the case. See Cory v. White, 457 U.S. 85, 90 n. 2, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); Doe, 21 F.3d at 736-737. Where an official capacity claim is for retroactive relief, the action is deemed to be against the State whose officers are the nominal defendants. Doe, 21 F.3d at 737.

In this case, plaintiff seeks redress for a past violation of his legal rights and, therefore, the suit is deemed to be against Michigan itself. Doe, 21 F.3d at 737. The State of Michigan,

---

[2]As discussed by the Sixth Circuit in Ernst v. Rising, 427 F.3d 351, 358-359 (6th Cir. 2005), a State's immunity comes with exceptions; the immunity does not attach if the lawsuit is not against the State or an arm of the State, the immunity does not extend to counties and similar municipal corporations, the immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law, the immunity may be abrogated by Congress when exercising its enforcement authority under the Fourteenth Amendment, and the immunity does not apply when the Federal Government brings the lawsuit. Additionally, a State may elect to waive that immunity through legislation through its conduct in litigation. Ernst, 427 F.3d at 358. None of these exceptions are applicable in this case.

however, has not consented to civil rights suits in federal court.  See Johnson v. Dellatifa, 357

F.3d 539, 545 (6th Cir. 2004); Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986); see also

Hill v. Michigan, 62 Fed. Appx. 114, 115 (6th Cir. 2003).  Therefore, to the extent plaintiff's

claims against defendants are against them in their official capacities, the claims are barred by

the Eleventh Amendment.

### C. State Actor

As discussed above, in addition to suing Detroit police officer, plaintiff also brings this

42 U.S.C. § 1983 action against defendant Love, who is a private citizen.  However, plaintiff has

failed to state a claim against Love because he never alleges that she was acting under the color

of state law.

One of the elements of a § 1983 claim is that the deprivation of the right was caused by a

person acting under color of state law."  Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902

(6th Cir. 2003) (quoting Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003)).  The Sixth Circuit

also stated in Wittstock that:

> The Sixth Circuit applies three tests for determining whether
> private action is fairly attributable to the state: the nexus test, the
> public function test, and the state compulsion test.  The nexus test
> requires that a sufficiently close relationship exist between the
> state and the private actor (through regulation or by contract) so
> that private action may be attributable to the state.  The public
> function test requires that the private actor exercise powers that are
> traditionally reserved to the state.  And, the state compulsion test
> requires proof that the state significantly encouraged or coerced
> the private actor, either overtly or covertly, to take a particular
> action so that the choice is actually that of the state. [Wittstock,
> 330 at 902 (citations omitted).]

In this case, plaintiff never expressly states what his claim against Love is and he

certainly never alleges that she, a private citizen, was acting under the color of state law.  Nor do

any of the three tests identified in <u>Wittstock</u> appear to apply to the facts of this case with respect to Love.  Consequently, plaintiff has failed to allege on of the elements of a § 1983 claim in his claim against Love and that claim should be dismissed *sua sponte*.

**IV. Conclusion**

For the reasons discussed above, it is recommended that plaintiff's entire complaint be dismissed without prejudice *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted because his claims are barred by the "favorable termination" requirement of <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In the alternative, it is recommended that plaintiff's claims against defendants in their official capacities be dismissed *sua sponte* for failure to state a claim because those claims are barred by the Eleventh Amendment to the United States Constitution and that plaintiff's claim against defendant Love be dismissed *sua sponte* for failure to state a claim because she is not alleged to have acted under the color of state law.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508 (6th Cir. 1991); <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir.

1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.


<u>s/Virginia M. Morgan</u>
Virginia M. Morgan
United States Magistrate Judge


Dated: December 5, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon plaintiff via the Court's ECF System and/or U. S. Mail on December 5, 2008.

<u>s/J. Johnson</u>
Case Manager to
Magistrate Judge Virginia M. Morgan