UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAJOR ELIJAH THAXTON,

      Plaintiff,

vs.

      Civil Action No.
      08-CV-13771

      HON. BERNARD A. FRIEDMAN

LENARIS HAWKINS, et al.,

      Defendants.
_____/

## OPINION AND ORDER ACCEPTING IN PART, AND REJECTING IN PART, THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**and**

## DISMISSING THE COMPLAINT

This matter is presently before the Court on Magistrate Judge Virginia Morgan's Report and Recommendation ("R&R") dated December 5, 2008. In her R&R, Magistrate Judge Morgan recommends that Plaintiff's Complaint be dismissed *sua sponte*, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff's claims are barred by the "favorable termination" requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994). In the alternative, Magistrate Judge Morgan recommends that Plaintiff's claims against Defendants Hawkins, Logan, Jefferson, Jamison, Shah, Doe 1, and Doe 2 ("the law enforcement defendants") in their official capacities be dismissed as barred by the Eleventh Amendment to the United States Constitution and that all claims against Defendant Love be dismissed because she is not alleged to have acted under color of state law as required by 42 U.S.C. § 1983.

1

Plaintiff has filed timely objections to the Magistrate Judge's R&R. The Court reviews *de novo* those portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Having done so, the Court finds that Magistrate Judge Morgan correctly concluded that Plaintiff's official capacity claims against the law enforcement defendants are barred by the Eleventh Amendment, *see* R&R at 7-9, and that Plaintiff's claims against Defendant Love are not cognizable under the state action requirement of § 1983, *see* R&R at 9-10. However, while Magistrate Judge Morgan relies upon the Eleventh Amendment and § 1983's state action requirement as *alternative* bases for dismissal, the Court will instead rely upon these authorities as the primary basis for dismissal of Plaintiff's official capacity claims against the law enforcement defendants and Plaintiff's claims against Defendant Love, respectively. Therefore, for the reasons stated in the Magistrate Judge's R&R, the Court will dismiss Plaintiff's official capacity claims against the law enforcement defendants pursuant to the Eleventh Amendment and all claims against Defendant Love pursuant to § 1983's state action requirement. The dismissal of these claims will be with prejudice.

This leaves unresolved only Plaintiff's claims against the law enforcement defendants in their individual capacities. Plaintiff asserts two such claims: a Fourth Amendment false arrest claim and a Fourteenth Amendment due process claim. Magistrate Judge Morgan recommends that these claims be dismissed, without prejudice, pursuant to *Heck's* favorable termination requirement. For the reasons explained below, the Court agrees with the Magistrate Judge's determination that Plaintiff's due process claims are barred by *Heck*, but finds the *Heck* bar inapplicable to Plaintiff's false arrest claims. However, Plaintiff's false arrest claims are subject to dismissal for failure to state a claim upon which relief can be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), because the law

2

enforcement defendants had probable cause to arrest Plaintiff.

I.    **FACTUAL BACKGROUND**

This is a 42 U.S.C. § 1983 case. The allegations stem from a domestic dispute between Plaintiff and Defendant Love. According to the Complaint, Plaintiff and Defendant Love were involved romantically from 2003 until 2005, at which time Plaintiff left Defendant Love for another woman. (*See* Compl. at ¶ 14.) "Defendant Love openly expressed that she was extremely offended and felt betrayed that Plaintiff would leave her for a white-woman" and "Defendant Love became bitter towards Plaintiff from this point on." (*Id*.)

On July 5, 2005, Plaintiff was allegedly bitten by Defendant Love's dog, causing Plaintiff to contemplate filing a dog bite lawsuit against Defendant Love. (*Id*. at ¶ 15.) After Defendant Love became aware that Plaintiff had intended to sue her for the dog bite, Defendant Love vowed to "get even with" Plaintiff. (*See id.* at ¶ 16.)

Plaintiff alleges that on September 6, 2005, he drove to Defendant Love's house to show off a new Volvo that his new girlfriend had bought for him. (*See id.* at ¶ 17.) Upon arrival at Defendant Love's house, Plaintiff began honking the car horn to get Defendants Love's attention. (*See id.*) Plaintiff states that he then "called out for Defendant Love to look at his new car . . ." (*See id.*) After hearing Plaintiff say that his new girlfriend had bought him the car, Defendant Love and Plaintiff began to exchange insults. (*See id.*) Plaintiff states that Defendant Love then went inside her house, closed the front door, and called the Police Department's Animal Control Division, alleging that she had heard a gunshot and believed that Plaintiff had shot her dog. (*See id.* at ¶ 18.) Two officers from the Animal Control Division, Defendants John Doe 1 and John Doe 2 (the "Doe Defendants"), were dispatched to Defendant Love's house. (*See id.* at ¶ 19.) Upon arrival, the Doe

Defendants spoke with Defendant Love, inspected the home, dog, and surrounding area, and found no evidence to suggest that a gun had been fired. (*See id.*) After the investigation, Plaintiff states that Defendant Love changed her story, this time telling the Doe Defendants that she believed Plaintiff had pointed a gun at her and that she heard gunshots just after she retreated into her house. (*See id.* at ¶ 20.) According to Plaintiff, the Doe Defendants then called for a regular police unit. (*See id.* at ¶ 21.)

When Defendants Hawkins and Logan, two Detroit police officers, arrived on the scene, they allegedly spent twenty minutes taking Defendant Love's statement but did not otherwise look for evidence that a crime had been committed. (*See id.* at ¶ 22.) According to Plaintiff, the Doe Defendants and Defendants Hawkins and Logan never considered the possibility that Defendant Love had fabricated her accusations to "get even with" Plaintiff, nor did they test the interior and exterior of Plaintiff's car for gunshot residue. (*See id.* at ¶¶ 23-24 n.11.)

Plaintiff states that he was arrested for malicious destruction of an animal and that his car was subsequently searched. (*See id.* at ¶¶ 24-25.) According to Plaintiff, the search of his car revealed neither a gun nor ammunition. (*See id.* at ¶ 25.) In addition, Plaintiff indicates in his Complaint that a gunshot residue test was conducted the following day on his hands, forehead, webs, and clothing, and that the test results were negative. (*See id.* at ¶ 26.)

Plaintiff claims that he was unlawfully arrested when the law enforcement defendants allegedly used Defendant Love's original false statement that Plaintiff had shot her dog to detain Plaintiff in order to buy time to fabricate false charges of felonious assault, felon in possession of a firearm, and possession of a firearm during the commission of a felony (felony-firearm). (*See id.* at ¶ 29.) Plaintiff also alleges that the investigation leading to his criminal conviction was

4

constitutionally deficient.  Specifically, Plaintiff claims that the law enforcement defendants deliberately falsified evidence, suppressed material facts, and failed to conduct an adequate investigation. (*See id.* at ¶¶ 39-45.)  Finally, Plaintiff alleges that his constitutional rights were violated by Defendant Love when she allegedly filed a false police report. (*See id.* at ¶ 38.)  Plaintiff asserts claims against the law enforcement defendants in both their individual and official capacities, *see id.* at ¶¶ 8-11, as well as claims against Defendant Love, *see id.* at  ¶ 12.

For relief, Plaintiff seeks a declaratory judgment that the investigation conducted by the law enforcement defendants violated his constitutional rights. (*See id.* at p. 9.)  Plaintiff also seeks an injunction ordering the law enforcement defendants to "arrange for a re-investigation" and "show cause why" a proper investigation was not conducted in the first instance. (*See id.*)  Finally, Plaintiff seeks compensatory and punitive damages, claiming that the alleged constitutional violations led to the onset of psychiatric injuries and caused Plaintiff to suffer a "minor heart-attack" and "permanent lung damage." (*See id.* at ¶¶ 31-32, 35-36.)

## II.     STATE COURT PROCEEDINGS

Following a bench trial, Plaintiff was acquitted of felonious assault, MICH. COMP. LAWS § 750.82, but convicted of felon in possession of a firearm,  MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MICH. COMP. LAWS § 750.227b. (Compl. at ¶¶ 33.)  On September 13, 2007, the Michigan Court of Appeals vacated Plaintiff's felony-firearm conviction, determining that the trial court impermissibly convicted Plaintiff of felony-firearm while at the same time acquitting him of felonious assault, the underlying felony. *See People v. Thaxton*, 2007 WL 2684236, at *1 (Mich. Ct. App. Sept. 13, 2007).  Plaintiff's felon-in-possession conviction, however, remains intact.

III.  **ANALYSIS**

Magistrate Judge Morgan recommends that Plaintiff's entire Complaint be dismissed, without prejudice, pursuant to *Heck*. In the alternative, the Magistrate Judge recommends that Plaintiff's official capacity claims be dismissed as barred by the Eleventh Amendment and that the claims against Defendant Love be dismissed because Defendant Love is not alleged to have acted under color of state law, as required by § 1983.

As stated above, the Court agrees with the Magistrate Judge's determination that Plaintiff's official capacity claims against the law enforcement defendants are barred by the Eleventh Amendment. Thus, the Court will dismiss those claims with prejudice for the reasons stated in the R&R. *See* R&R at 7-9. Moreover, Magistrate Judge Morgan is correct that Plaintiff's claims against Defendant Love are not cognizable under § 1983 because she is not a state actor. The Court will therefore dismiss those claims, with prejudice, for the reasons stated in the R&R. *See* R&R at 9-10.

However, the Court partially disagrees with the Magistrate Judge's recommended disposition of Plaintiff's individual capacity claims against the law enforcement defendants. While Magistrate Judge Morgan believes that all such claims are barred by *Heck's* favorable termination requirement, the Court finds that only Plaintiff's due process claims are barred by *Heck*. However, as explained below, Plaintiff fails to state a false arrest claim for which relief can be granted and thus dismissal of those claims is warranted, as well.

In *Heck*, the United States Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged

6

> by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-487 (emphasis in original) (footnotes omitted).  Thus, "*Heck* bars § 1983 plaintiffs from advancing claims that, if successful, 'would necessarily imply the invalidity' of a prior conviction or sentence."  *Cummings v. City of Akron*, 418 F.3d 676, 682 (6th Cir. 2005) (quoting *Heck*, 512 U.S. at 487).  "This ensures that habeas corpus remains the exclusive remedy for criminal defendants who have not obtained a favorable termination in their criminal proceedings and does not allow duplicative, collateral attack of convictions or sentences through § 1983 actions."  *S.E. v. Grant County Bd. of Educ.*, 544 F.3d 633, 637 (6th Cir. 2008).  According to the Sixth Circuit, "a challenge to a criminal investigation that led to a conviction necessarily challenges the validity of the conviction, and therefore falls within the *Heck* framework."  *Morris v. City of Detroit*, 211 Fed. Appx. 409, 411 (6th Cir. 2006) (citing *Dusenbery v. Graves*, 1999 WL 617932, *1 (6th Cir. Aug. 12, 1999)).

In the present case, Plaintiff's Fourteenth Amendment due process claims stem from what Plaintiff alleges to be an unfair and unjust investigation conducted by the law enforcement defendants.  (*See* Compl. at ¶ 1.)  As alleged in the Complaint,

> 39.   The actions of Defendants' [sic] John Doe 1, John Doe 2, Hawkins, Logan and Jefferson, when duty-bound to disclose, did intentionally

7

> suppress material facts . . .
>
> 40    The actions of Defendant Hawkins when he intentionally re-arranged the first two abbreviated letters . . . to alter Defendant Love's original call for assistance . . . denied Plaintiff the due process of law . . .
>
> 41.   The failure of Defendants' [sic] Hawkins, Logan, Jefferson and Jamison in not ensuring that Plaintiff's Volvo was tested for gun-shot-residue, denied Plaintiff due process and fair and just treatment in investigation . . .
>
> 42.   The failure of Defendants' [sic] Hawkins, Logan, Jefferson and Jamison, to interview Defendant Love's neighbor's [sic] to see if anyone [saw] or heard gun-shots, after becoming aware Defendant Love's statements were not supported by factual evidence, expressed hatred for Plaintiff and motive to lie, denied Plaintiff fair and just treatment in investigation . . .
>
> 43.   The actions of Defendant Shah in approving Defendant Jamison's investigation report when it contained no physical evidence, a statement by a person with motive to lie, and revealed that only a partial investigation was conducted, denied Plaintiff due process of the law . . .
>
> 44.   The failure of Defendant Shah to ensure that Defendant Love's neighbors were interviewed to see if anyone had seen or heard gun-shots, to substantiate Defendant Love's version of events, denied plaintiff of due process . . .

(Compl. at ¶¶ 39-44.)  These claims are barred by *Heck*.  *Morris* forecloses Plaintiff's due process claims, as the criminal investigation being challenged by Plaintiff led to his felon-in-possession conviction, and that conviction has not been overturned.  Accordingly, the Court will dismiss these claims as barred by *Heck's* favorable termination requirement.[1]  The dismissal will be without

---

[1] Additionally, although Plaintiff never uses the term "malicious prosecution" in his Complaint to describe his due process claims, the Court notes that Plaintiff's due process claims seem to amount to an allegation of malicious prosecution under the Fourth Amendment.  *See Thacker v. City of Columbus*, 328 F.3d 244, 258 (6th Cir. 2003) (explaining that the Sixth Circuit "recognize[s] a federal claim of malicious prosecution under the Fourth Amendment where plaintiffs allege[] that defendants wrongfully investigated, prosecuted, convicted, and

prejudice so that Plaintiff may re-file his due process claims if he later satisfies the requirements set forth in *Heck*.

Finally, the Court finds that Plaintiff's Fourth Amendment false arrest claims are not viable because, based on Plaintiff's own allegations, the law enforcement defendants clearly had probable cause to arrest Plaintiff on September 6, 2005. *See Stemler v. City of Florence*, 126 F.3d 856, 871 (6th Cir. 1997) ("[a] plaintiff bringing a constitutional claim of false arrest under the Fourth Amendment must show that there was not probable cause for the arrest"). As Plaintiff states in his Complaint, Defendant Love told the law enforcement defendants "that Plaintiff pointed his hand towards her" and "she thought Plaintiff may have been holding a gun. She further claimed that within seconds of her closing the [front] door, she heard a boom—the sound of a gun." (Compl. at ¶ 20) (citations omitted). Moreover, Plaintiff's account of what Defendant Love told the police is consistent with Defendant Love's trial testimony.[2] Based on Defendant Love's statements to the police, as recounted by Plaintiff in his Complaint, the law enforcement defendants had probable cause to make an arrest.

IV.   **ORDER**

Accordingly,

IT IS ORDERED that the Magistrate Judge's R&R of December 5, 2008, is accepted

---

incarcerated them"). To the extent Plaintiff's allegations boil down to a claim of malicious prosecution, they are barred by *Heck*. *See Heck*, 512 U.S. at 489-90 (holding that a claim of malicious prosecution does not accrue until the underlying conviction is invalidated).

[2] Defendant Love testified at Plaintiff's trial that she observed Plaintiff raise his arm up so it was aligned with his shoulder, saw what "could be a gun," and then heard "[a] boom. A gun sound." (*See* docket entry 8, Ex. A, p. 18.)

9

in part, and rejected in part, as explained above.

IT IS FURTHER ORDERED that Plaintiff's official capacity claims against Defendants Hawkins, Logan, Jefferson, Jamison, Shah, Doe 1, and Doe 2 are dismissed, with prejudice, pursuant to the Eleventh Amendment to the United States Constitution. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Love are dismissed, with prejudice, pursuant to the state action requirement of 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED that Plaintiff's due process claims against Defendants Hawkins, Logan, Jefferson, Jamison, Shah, Doe 1, and Doe 2 in their individual capacities are dismissed, without prejudice, pursuant to *Heck*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED that Plaintiff's Fourth Amendment claims against Defendants Hawkins, Logan, Jefferson, Jamison, Shah, Doe 1, and Doe 2 in their individual capacities are dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: March 12, 2009_____  
   Detroit, Michigan

S/Bernard A. Friedman_____  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE